UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEO ROGOWSKI,

                            Plaintiff,                  1:05-CV-0763
                                                                         (GLS)(DRH)

     v.

UNITED STATES OF AMERICA,

                            Defendant.
_____

APPEARANCES:

LEO ROGOWSKI
Plaintiff, *pro se*

GARY L. SHARPE, DISTRICT JUDGE

## DECISION and ORDER

By prior Order of this Court, *pro se* plaintiff Leo Rogowski was directed to file an amended complaint which states a cause of action against the named defendants upon which relief could be granted by this Court if he wished to avoid dismissal of this action. Dkt. No. 4 (the "July Order").[1]  Plaintiff's submission in response to that Order was filed as his amended complaint, and is before the Court for review. Dkt. No. 5. Plaintiff has also filed a motion for a default judgment. Dkt. No. 6.

     Plaintiff's original pleading asserted a variety of constitutional and statutory claims arising from the issuance of a tax lien and levy against plaintiff's property by the Internal Revenue Service. Dkt. No. 1. As discussed at length in the July Order, plaintiff's complaint, as drafted, did not state a claim upon which relief could be granted by this Court. Dkt. No. 4 at 2-7.

Plaintiff's pleading filed in response to the July Order is styled as a Writ of

---

[1] The Court granted plaintiff's *in forma pauperis* application. *Id.* at 10.

Mandamus pursuant to 26 U.S.C. § 7424,[2] by which plaintiff seeks an order of this Court removing the "notice of federal tax lien" and the "notice of levy." Dkt. No. 5 at 4. Plaintiff's submission is not in the form of an amended pleading, does not set forth the facts in support of plaintiff's claims, and does not otherwise cure the deficiencies in the original complaint.

Moreover, this submission is not itself a proper request for judicial relief. The statute relied upon by plaintiff – 26 U.S.C. § 7426 – authorizes civil suits by persons asserting a claim to property against which a levy has been made, other than the person against whom the associated tax was assessed. Plaintiff may not avail himself of this statute to challenge either the tax or the associated levy against his property.

In sum, plaintiff has failed to submit an amended complaint which states a claim for the violation of his civil and/or constitutional rights upon which relief can be granted by this Court as required by the July Order. This action is therefore dismissed. In light of the dismissal of this action, and because service of process was never effected, plaintiff's motion for a default judgment is denied.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed, and it is further

ORDERED, that plaintiff's motion for a default judgment (Dkt. No. 6) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Decision and Order on plaintiff by

---

[2] 26 U.S.C. § 7424 authorizes the United States to intervene in a civil action to assert a lien on the property subject to the suit, and has no relevance to this action. It appears that plaintiff meant to cite 26 U.S.C. § 7426 (civil actions by persons other than taxpayers).

regular mail.

IT IS SO ORDERED.

Dated: September 30, 2005
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge